(22 App. Div. 564.)

TRUSTEES OF EXEMPT FIREMEN'S BENEVOLENT FUND OF LONG ISLAND CITY v. EXEMPT FIREMEN ASS'N OF LONG ISLAND CITY.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

FOREIGN INSURANCE COMPANIES—TAX ON RECEIPTS—TO WHOM PAYABLE.
    Under Laws 1890, c. 370, the defendant was entitled to all moneys collected from the tax on receipts of foreign insurance companies in Long Island City. By Laws 1896, c. 141, it was provided that "all moneys which have been heretofore or may be hereafter collected from the percentage or tax receipts of foreign insurance companies from premiums on property in Long Island City, * * * shall be paid to" the plaintiff corporation, which was incorporated by the last-named act. At the date of such incorporation, the defendant had on hand, unexpended, certain moneys previously received from the insurance tax. *Held,* that the term "heretofore collected," in the act of 1896, referred to moneys theretofore collected by the city authorities, and not yet paid over to the defendant, and that the act did not attempt to confer upon the plaintiff a right to recover the sums received, and still held, by the defendant.

Appeal from special term.

Action by the Trustees of the Exempt Firemen's Benevolent Fund of Long Island City against the Exempt Firemen Association of Long Island City. From an interlocutory judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

George A. Gregg, for appellant.
Charles A. Webber, for respondent.

CULLEN, J.   By chapter 370 of the Laws of 1890, it was provided that the defendant in this action should be entitled to receive, and there should be paid to it, all moneys collected from the tax on the receipts of foreign insurance companies in Long Island City; one-half thereof to be applied to the uses of the corporation, and the other half to be applied to the benefit of sick and distressed members of the volunteer fire department. By chapter 141 of the Laws of 1896, it was provided that:

"All moneys which have been heretofore or may be hereafter collected from the percentage or tax receipts of foreign insurance companies, from premiums on insurance on property in Long Island City, as provided by chapter six hundred and four of the Laws of Eighteen Hundred and Eighty-Six, shall be paid to a corporation to be hereafter formed, known as 'The Trustees of the Exempt Firemen's Benevolent Fund of Long Island City.' "

The plaintiff was incorporated under the provisions of the act last cited. At the time of the incorporation of the plaintiff, the defendant had on hand, unexpended, some portion of the moneys it had previously received from the insurance tax. The plaintiff brought this action to compel the defendant to pay over to it such unexpended balance. The special term rendered judgment in favor of the plaintiff, and from that judgment this appeal is taken.

The constitutionality and validity of the act of 1896 is assailed by the counsel for the appellant on various grounds, which we deem unnecessary to discuss, as, in our opinion, under the proper construction of the statute the plaintiff has no claim against the defendant. The statute provides that all moneys which have theretofore been collected, as well as those which may be thereafter collected, shall be paid to the plaintiff. Under the act of 1886, these moneys were collected from the insurance companies by the treasurer of the fire department, or other city authorities. As modified by the act of 1890, the moneys when collected by the city authorities were directed to be paid over to the defendant. The direction of the statute of 1896, that moneys theretofore collected should be paid over to the plaintiff, must be construed as limited to moneys then in the hands of the city officials, which had not been already paid to the defendant. It certainly was not the intention of the lawmakers that all moneys collected years before should be recovered back from any person in whose hands they might be,—the sick members, or the widows and orphans of members deceased. As to one-half of the fund, it may well be doubted whether the legislature could withdraw from the defendant the gift which it had made to it of that one-half, but we think there was no intention to deprive the defendant of any moneys which it had theretofore received.

The judgment appealed from should be reversed, and the complaint dismissed, with costs. All concur.